UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTION, INC., ) | CASE NO. 1:10 CV 00535 |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | MEMORANDUM OF OPINION AND |
| CRAIG LUKES, individually and as the ) | ORDER |
| alter ego of LUCKY LOU'S d/b/a LUCKY ) | |
| LOU'S, ) | |
| ) | |
| Defendants. ) | |

UNITED STATES DISTRICT COURT JUDGE LESLEY WELLS

Plaintiff, J & J Sports Productions, Inc. ("J & J Sports") brought this action against Craig Lukes, individually, and as the alter ego of the business Lucky Lou's ("Lucky Lou's"), for violation of 47 U.S.C. § 605(a) (unauthorized publication or use of communication) and 47 U.S.C. § 533 (unauthorized reception of cable service), alleging that Defendants unlawfully intercepted an encrypted signal for a boxing event ("the Event") without purchasing or otherwise obtaining the right to do so from the Plaintiff. (Doc. 1). The Defendants have not responded to the properly served complaint and, on

8 October 2010, J & J Sports moved for entry of default against all Defendants. (Doc. 7). The Clerk has entered default. (Doc. 9).

This matter is currently before the Court on the Plaintiff's motion for default judgment pursuant to Fed. R. Civ. P. 55(b). (Doc. 8) For the reasons discussed below, J & J Sports' motion for default judgment is granted and judgment will be entered in the amount of $3,400.00.

## LAW AND ANALYSIS

Rule 55(b) of the Federal Rules of Civil Procedure governs default judgment. Once a default is entered, the Defendants are considered to have admitted all of the well pleaded allegations in the complaint, including jurisdiction. Ford Motor Company v. Cross, 441 F. Supp. 2d 837, 845 (E.D. Mich. 2006) (citing Visioneering Construction v. U.S. Fidelity and Guaranty, 661 F.2d 119, 124 (6th Cir. 1981)).

While the well-pleaded factual allegations in the complaint are taken as true when a defendant is in default, damages are not. Ford Motor Company, 441 F. Supp. 2d at 848 (citing Thomson v. Wooster, 114 U.S. 104 (1885); Antoine v. Atlas Turner, Inc., 66 F. 3d 105, 110-11 (6th Cir. 1995)). In order for the Court to enter judgment, the Court must determine the amount of damages. Under Rule 55, the Court may conduct hearings or make a referral if it needs to conduct an accounting, determine the amount of damages, or establish the truth of any allegation by evidence. However, Rule 55 does not require an evidentiary hearing as a prerequisite to the entry of default judgment if damages are contained in documentary evidence or detailed affidavits and can be ascertained by computation on the record before the Court.

In support of its motion for default judgment, J & J Sports has provided: (1) an affidavit of Plaintiff (Doc. 8, Exhibit A); (2) an affidavit of attorney fees and costs (Doc. 8, Exhibit B); (3) a "rate card" for the closed circuit sporting event in question (Doc. 8, Exhibit 1); and, (4) an affidavit of the auditor's visit to the Defendant's establishment at the time of the sporting event (Doc 8, Affidavit of Roland E. Georgi). As the Court finds sufficient evidence to ascertain J & J Sports' damages, an evidentiary hearing is unwarranted to determine the necessary sum certain under Rule 55.

### (A) Election of Damages

Title 47 of the United States Code, sub-section 553(a)(1) states: "No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as otherwise be specifically authorized by law." Title 47, United States Code, section 605 prohibits the unauthorized interception of radio communications, but courts have held that its terms apply to encrypted cable programming from satellite transmissions, such as the Event. See 47 U.S.C. § 605(a); Nat'l Satellite Sports, Inc., v. Eliadis, Inc., 253 F.3d 900, 914 (6th Cir. 2001)(noting, in support of its holding on a narrower ground, "the legislative history of the amendments to the Communications Act in 1984 and 1988 reveals that Congress intended to bring cable and satellite communications under the protection of the Act ..."). Both statutes provide damages for aggrieved parties. See 47 U.S.C. §§ 553(c)(3) and 605(e)(3)(C).

Although claimant may elect to receive either its actual damages, or an amount within the statutorily-prescribed range under either statute, courts typically permit a

claimant to recover under only one section – specifically § 605 – not both. See, e.g., Joe Hand Promotions, Inc. v. Willis, 2009 WL 369511, *1 (N.D. Ohio 2009); Top Rank Inc. v. Tacos Mexicanos, 2003 WL 21143072, *3 and n. 1 (E.D.N.Y. 2003).

Accordingly, while the Plaintiff in this matter seeks damages under both 47 U.S.C. §605(e)(3)(c)(i)(II), and 47 U.S.C. §553(c)(3)(A)(ii), the Court finds it may only recover under §605 for the Defendants' unauthorized interception of encrypted cable programming. See Kingvision Pay-Per-View, Ltd. v. Arias, 2000 WL 20973 at *2 n. 7 (N.D. Cal. Jan.7, 2000); and, International Cablevision, Inc. v. Sykes, 75 F.3d 123, 129 (2d Cir.1996), cert. denied, 519 U.S. 929 (1997). The amount of damages awarded pursuant to 47 U.S.C. § 605 rests within the sound discretion of the Court. See Buckeye Cablevision, Inc. v. Sledge, 2004 WL 952875, at *4 (N.D. Ohio April 8, 2004).

**(B) 47 U.S.C. §605(e)(3)(C)(i)(II)**

Where a claimant elects to recover statutory damages, as Joe Hand has done in this case, it may recover between $1,000 and $10,000 for each violation, in an amount the court considers just. 47 U.S.C. § 605(e)(3)(C)(i)(II). The court also has the discretion to increase the award beyond the statutory range, if it finds the violation "was committed wilfully and for purposes of direct or indirect commercial advantage or private gain," 47 U.S.C. § 605(e)(3)(C)(ii), or decrease the award, if it finds "that the violator was not aware and had no reason to believe that his acts constituted a violation," 47 U.S.C. § 605(e)(3)(C)(iii). An award of attorney fees and costs, however, is mandatory. 47 U.S.C. § 605(e)(3)(B)(iii).

The Plaintiff's affidavit submitted in support of its motion for default judgment indicates that the maximum capacity of Lucky Lou's establishment is forty-five, while during the time of the auditor's visit there were no more than twenty-two patrons in the Defendants' establishment.  (Doc. 8, Affidavit of Auditor).  The "rate card" for licensing the broadcast to commercial establishments reflects that the cost of licensing for an establishment with Lucky Lou's capacity would cost $1,500.00.  (Doc. 8, Exhibit 1). Where, as here, the Plaintiff has elected to receive statutory rather than actual damages, it may recover damages for each nonwillful violation of not less than $1,000.00 or more than $10,000 "as the court considers just."  See National Satellite Sports, Inc. v. Eliadis, Inc., 253 F.3d 900, 918 (6th Cir.2001), cert. denied, 534 U.S. 1156 (2002).

Accordingly, the Court will award Plaintiff $1,500.00 in statutory damages for the one unauthorized interception of transmission by the Defendants.  See 47 U.S.C. §605(e)(3)(C)(i)(II).

**(C)  47 U.S.C. §605(e)(3)(C)(ii)**

In addition, the Plaintiff seeks enhanced damages under 47 U.S.C. § 605(e)(3)(C)(ii), which provides in pertinent part that "[i]n any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages ... by an amount of not more than $100,000 for each violation of subsection (a)."  In order to obtain damages under this section, the violation must be both willful and for the purpose of commercial advantage or financial gain.

5

While the Plaintiff contends that the Defendants' violation of §605(a) was willful and for commercial or financial gain, the documentary evidence provided by the Plaintiff and before the Court fails to support that conclusion.  First, the affidavit of the Plaintiff's auditor notes that, at most, twenty-two patrons were present at Lucky Lou's on the evening of the signal interception, while the capacity of the premises was sixty.  (Doc. 8).  Further, the auditor notes there was no cover charge to enter the premises.  Finally, the affiant notes the bar had only one television.  The evidence reflects there were few customers present and there was no cover charge to enter the Defendants' establishment to watch the broadcast of the Plaintiff's intercepted signal.

The Court finds little evidence to support a conclusion that the violation was both willful and for financial gain or commercial advantage.  See National Satellite Sports, Inc. v. Carrabia, et al., 2003 WL 24843407 at *4 (citing Kingvision Pay-Per-View, Ltd. v. Arias, 2000 WL 20973 (N.D. Cal. Jan 7, 2000); Don King Productions/Kingvision v. Carrera, 1997 WL 362115 at *2 (N.D. Cal. June 24, 1997) (evidence of willful exhibition for financial gain insufficient when there was no showing that a cover was charged, that the program was advertised or that food or drink prices were increased, and that the establishments were not filled to capacity.)).

Predicated on the evidence and affidavits provided by the Plaintiff in support of its motion for default judgment, the Court declines to exercise its discretion to increase the Plaintiff's award of damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii).

**(D) 47 U.S.C. § 605(e)(3)(B)(iii)**

In addition to damages, the Plaintiff seeks an award to recover attorneys' fees and costs under 47 U.S.C. § 605(e)(3)(B)(iii), which provides that a court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." The Plaintiff has requested an award of fees and costs in the amount of $1900.00, and supports the proposed amount of the award with an affidavit from the Plaintiff's attorney. Having reviewed the affidavit and other supporting materials, the Court is satisfied that these requested fees and costs are reasonable and the Plaintiff will be awarded the amount of $1900.00 for costs including attorney fees.

## CONCLUSION

For the reasons discussed, the Plaintiff's motion for default judgment is granted. Judgment is awarded in the amount of $3,400.00.

IT IS SO ORDERED.

                                                          /s/Lesley Wells
                                              UNITED STATES DISTRICT JUDGE

Date: 18 October 2010